USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Ronald Goland,
  a/k/a "Bigg Base,"
  a/k/a "Base," and,
Isaiah Smith,

                *Defendants.*

Amended Protective Order

S1 21 Cr. 78 (KMW)

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals, and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses or other individuals who may be subject to intimidation or

obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel (together with the defendants and defense counsel, "the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

---

[1] This does not prohibit counsel for the defendants from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; (c) prospective witnesses for purposes of defending this action; and (d) any successor counsel, including counsel in any appeal or collateral challenge.

7. Sensitive Disclosure Material may be disclosed by counsel to the defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, as well as to any successor counsel, including counsel in any appeal or collateral challenge; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendants outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendants.

8. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed

---

only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

3

under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to search warrants issued during the course of the investigation, from various computers, cell phones, social media accounts, and other devices and storage media belonging to the defendants and others.

11. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and any successor counsel, including counsel in any appeal or collateral challenge, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by a defendant's counsel, of ESI that originally belonged to that defendant.

### Return or Destruction of Material

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within (1) 30 days after exhaustion of all direct appellate remedies regarding any conviction or sentence in the above-captioned case, or any order

4

dismissing any of the charges in the above-captioned case; (2) 30 days after the expiration of the statute of limitations for the filing of motions pursuant to 28 U.S.C. § 2255; (3) 30 days after exhaustion of remedies, including appellate remedies, related to a motion pursuant to 28 U.S.C. § 22552255 motion; or (4) 30 days after any acquittal or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to a defendant.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____    Date: March 25, 2021
Justin V. Rodriguez
Andrew K. Chan
Assistant United States Attorneys


_____    Date:
Jean D. Barret, Esq.
Counsel for RONALD GOLAND


_____    Date: March 30th, 2021
Raymond E. Gazer, Esq.
Counsel for ISAIAH SMITH


SO ORDERED:
Dated: New York, New York
       March 31, 2021

_____
THE HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____     Date:  March 25, 2021
Justin V. Rodriguez
Andrew K. Chan
Assistant United States Attorneys

_____     Date:  March 29, 2021
Jean D. Barrett, Esq.
Counsel for RONALD GOLAND

_____     Date:
Raymond E. Gazer, Esq.
Counsel for ISAIAH SMITH

SO ORDERED:
Dated:  New York, New York
        March 31, 2021

_____
THE HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

6